UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CHRISTOPHER KRACZEK
on behalf of himself and all
others similarly situated,

       Plaintiff,                                    Case No. 19-cv-938

     v.

K&S TOOL, DIE & MANUFACTURING, INC.

       Defendant

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

Plaintiff, Christopher Kraczek ("Kraczek" or "Named Plaintiff"), on behalf of himself and all others similarly-situated, and Defendant, K&S Tool, Die & Manufacturing, Inc. ("K&S Mfg." or "Defendant"), jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release." (ECF No. 19-1.)

Accordingly, the parties request that the Court:

1. Certify, for purposes of settlement, the Wisconsin Wage Payment and Collection Laws ("WWPCL") Class pursuant to FED. R. CIV. P. 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA") Collective pursuant to 29 U.S.C. § 216(b);

2. Appoint Kraczek as Class Representative for the Rule 23 Class and the FLSA Collective;

3. Appoint Walcheske & Luzi, LLC as Class Counsel for the Rule 23 Class and the FLSA Collective;

4. Approve the parties' settlement as fair, reasonable, and adequate pursuant to Rule 23;

5. Approve the parties' settlement as a fair and reasonable resolution of a bona fide dispute under the FLSA;

6. Approve the settlement payments to the members of the Rule 23 Class and the FLSA Collective (collectively, the "Settlement Class");

7. Instruct Defendant's counsel to provide Named Plaintiff's counsel with settlement checks for the Settlement Class within twenty-one (21) calendar days of its Order;

8. Instruct Named Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendant's counsel;

9. Instruct that the Settlement Class has one-hundred and twenty (120) days to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

10. Grant Named Plaintiff's unopposed request for approval of its attorneys' fees and case-related costs and expenses in the amount of $37,800.00, which the parties have stipulated and agreed are reasonable;

11. Grant Named Plaintiff's unopposed request for approval of his service award in the amount of $2,500.00, which the parties have stipulated and agreed is reasonable;

12. Dismiss with prejudice the Settlement Class members' released claims; and

13. Dismiss without prejudice the FLSA Claims of the putative members of the FLSA Collective who did not properly and timely opt-into the FLSA Collective in full accordance with the procedures set forth in this Agreement.

# SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION

On August 18, 2020, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, (ECF No. 20), and their fully executed "Settlement Agreement and Release." (ECF No. 20-1.)

For settlement purposes only, the parties sought certification of a collective under the FLSA, 29 U.S.C. § 216(b), defined as follows (hereinafter the "FLSA Collective"):

> All current and former hourly-paid, non-exempt employees employed by Defendant between June 27, 2016 and June 27, 2019 who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's alleged failure to include the following non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes: Attendance Bonuses; Health Check 360 rewards; HSA rewards; and Annual Bonuses

(*See* ECF No. 19-1 § 1.27.)

For settlement purposes only, the parties also sought certification of a class under WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and Rule 23, defined as follows (hereinafter, the "Rule 23 Class"):

> All current and former hourly-paid, non-exempt employees employed by Defendant between June 27, 2016 and June 27, 2019 who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's alleged failure to include the following non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes: Attendance Bonuses; Health Check 360 rewards; HSA rewards; and Annual Bonuses.

(*See* ECF No. 19-1 § 1.9.)

On October 15, 2020, this Court preliminarily approved the parties' settlement. (ECF No. 20.) Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a bona-fide dispute under the FLSA and the WWPCL;

(2) Appointed, for settlement purposes only, Named Plaintiff's Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and Rule 23 Class;

(3) Appointed, for settlement purposes only, Kraczek as the Class Representative for the FLSA Collective and Rule 23 Class;

(4) Approved the parties' "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class in a form that was substantially similar to that which is attached to the Settlement Agreement as Exhibit B;

(5) Approved the distribution method of the "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(6) Ordered that putative members of the FLSA Collective have thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to opt-in to the FLSA Collective; and

(7) Ordered that putative members of the Rule 23 Class have thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to opt-out of the Rule 23 Class

The Court has scheduled a Fairness Hearing for January 7, 2021 at 1:30 p.m. (ECF No. 20.)

On Wednesday, November 4, 2020, Named Plaintiff's counsel sent the "Notice of Class and Collective Action and Proposed Settlement" via U.S. Mail to members of the Settlement Class. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 16.) Rule 23 Class members had thirty (30) calendar days after November 4, 2020 – or until December 4, 2020 – to opt-out of the Rule 23 Class (hereinafter simply, the "WWPCL Notice Period"). (*Id.*) By the end of the WWPCL Notice Period, no members of the Settlement Class chose to exclude themselves from the Rule 23 Class. (*Id.*)

In total, there are one-hundred and twenty-one (121) individuals who are Rule 23 Class Members, including Named Plaintiff. (*Id.*) There are a total of nineteen (19) individuals who opted-in to the FLSA collective, including Named Plaintiff. (*Id.*) To date, counsel for the parties have

not received any objections to the settlement and are unaware of any opposition to the settlement. (Potteiger Decl., ¶ 23.)

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Upon final approval of the parties' settlement by this Court, Defendant's counsel will provide Named Plaintiff's counsel with settlement checks for the Settlement Class within twenty-one (21) calendar days of the Court's Order entry. (ECF No. 19-1.) Once Named Plaintiff's counsel receives the settlement checks from Defendant's counsel, Named Plaintiff's counsel will send the settlement checks to the Settlement Class via U.S. Mail as soon as practicable. (ECF No. 19-1.) Settlement Class members will have one-hundred and twenty (120) days to cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendant). (*Id*.)

## DISCUSSION

### I. FINAL SETTLEMENT APPROVAL STANDARD

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the court approves of the parties' settlement as a fair and reasonable resolution of a bona fide dispute over alleged violations of the FLSA, and the Court enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve of the settlement of a FED. R. CIV. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999).

## II.   FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Defendant violated the FLSA and the WWPCL as alleged by Named Plaintiff, including disputes on liability, class and collective certification, and damages. During the pendency of this litigation, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Named Plaintiff's cause(s) of action and Defendant's defenses, and discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id*.) The result of those negotiations has resulted in the parties' finalized and fully-executed Settlement Agreement. (ECF No. 19-1.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed Named Plaintiff's claims against K&S Mfg. under the FLSA and the WWPCL. (Potteiger Decl., ¶

11.) While Named Plaintiff maintains a strong belief in his position on liability, class and collective treatment, and damages, he also recognizes the weaknesses and potential issues on which he would be required to prevail if the case proceeded to trial, including, but not limited to, establishing that bonuses and other compensation was, in fact, nondiscretionary and thus should be included in overtime compensation, that the Rule 23 Class and the FLSA Collective actually are similarly situated to Kraczek for purposes of final certification, that K&S Mfg. did not act in good faith, and that K&S Mfg. willfully violated the FLSA for a three-year statute of limitations to apply. Failure to succeed on any of these issues would likely result in material adverse effects on Named Plaintiff's claims, if not bar recovery in total. (Potteiger Decl., ¶ 13.)

Considering the number of issues faced, Kraczek recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery, depositions, document review and production, and the filing of certification, de-certification, and dispositive motions. (*Id.*)

Further, the time and investment in continued litigation would be substantial. The parties were preparing to embark on significant additional and continued discovery immediately before settlement that would have required significant investment from all parties and their counsel before dispositive motions and trial. Even if Kraczek were to prevail at trial, there is still the prospect that K&S Mfg. would appeal any number of the issues mentioned and only further delay any recovery for Named Plaintiff. (*Id.*)

Ultimately, Named Plaintiff's counsel believes that this is an excellent result for Kraczek and the Settlement Class in that the Settlement Class will receive monetary amounts that fairly and accurately represent damages allegedly owed for the three-year statutory period under the FLSA.

(ECF No. 19-1; Potteiger Decl., ¶ 12.) Specifically and in regards to Named Plaintiff's allegation that Defendant failed to include non-discretionary compensation in the Settlement Class members' regular rates of pay for overtime compensation purposes, the parties made certain reasonable assumptions and utilized an approved methodology adopted by the United States Department of Labor as applied to Defendant's actual wage and timekeeping data. (*Id.* at ¶ 12.) Thus, the overall balance supports approval of settlement. *See, e.g., Synfuel Techs., Inc. v. DHL Express (USA), Inc.* 463 F.3d 646, 653 (7th Cir. 2006). Although the monetary compensation paid to each Rule 23 Member (*i.e.* $8.93) and FLSA Collective Member (*i.e.* $2.96) is relative small, this is attributable to both the modest amount of the non-discretionary payments made by Defendant to the Settlement Class each year during the statutory period (*i.e.* ranging from $50.00 HSA payments to $100 gift cards) and litigation risk involved. (Potteiger Decl., ¶ 12.)

The settlement will provide Kraczek and the Settlement Class with a significant recovery while eliminating the risks and costs both Kraczek and K&S Mfg. would bear if this litigation continued to a decision on the merits. (Potteiger Decl., ¶ 13.) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 23.)

### III. NAMED PLAINTIFF'S SERVICE AWARD PAYMENT AND NAMED PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

The Seventh Circuit has recognized that, in appropriate cases, class representatives may be entitled to incentive awards or service payments. *See Spicer v. Chi. Bd. Options Exch.*, 844 F. Supp. 1226, 1267 (N.D. Ill. 1993) (citing *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992)). The amount of the award or payment can reflect the extent to which the class has benefitted from the plaintiff's efforts to protect the interests of the class and the amount of time and effort expended. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Further, attorneys' fees and costs are recoverable under the FLSA, 29 U.S.C. § 216(b), and under the WWPCL, Wis. Stat. §109.03(6). As a result of this litigation and in furtherance of its resolution, the parties' settlement provides for Named Plaintiff's counsel attorneys' fees and case-related costs and expenses. (ECF No. 19-1, ¶ 3.2(A).) This total amount is representative of (and actually less than) Named Plaintiff's counsel's actual hourly rates, multiplied by the hours expended litigating and resolving this matter to date together with Named Plaintiff's actual costs. (Potteiger Decl., ¶ 21.)

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Named Plaintiff's counsel has filed a Motion for Approval of Plaintiff's Service Award. (ECF No. 23) and Petition for Approval of Attorneys' Fees and Costs, (ECF No. 24), and K&S Mfg. has agreed not to oppose these motions and further agrees that the amounts requested are fair and reasonable. (ECF No. 19-1.)

## **CONCLUSION**

For all of the reasons above, the parties respectfully request that this Court:

1. Certify the Rule 23 Class pursuant to Fed. R. Civ. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Appoint Named Plaintiff, Christopher Kraczek, as Class Representative for the Rule 23 Class and the FLSA Collective;

3. Appoint Walcheske & Luzi, LLC as Class Counsel for the Rule 23 Class and the FLSA Collective;

4. Approve the parties' settlement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

5. Approve the parties' settlement as a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

6. Approve the settlement payments to the Settlement Class;

7. Instruct Defendant's counsel to provide Named Plaintiff's counsel with settlement checks for the Settlement Class within twenty-one (21) calendar days of this Order;

8. Instruct Named Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendant's counsel;

9. Instruct that the Settlement Class has one-hundred and twenty (120) days to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

10. Grant Named Plaintiff's unopposed request for approval of his attorneys' fees and case-related costs and expenses in the amount of $37,800.00, which the parties have stipulated and agreed are reasonable;

11. Grant Named Plaintiff's unopposed request for approval his service award in the amount of $2,500.00, which the parties have stipulated and agreed is reasonable;

12. Dismiss with prejudice the Settlement Class members' released claims; and

13. Dismiss without prejudice the FLSA Claims of the putative members of the FLSA Collective who did not properly and timely opt-in to the FLSA Collective in full accordance with the procedures set forth in this Agreement.

Dated this 23rd day of December, 2020

| | |
|---|---|
| ***s/ David M. Potteiger*** | ***s/ Lynne M. Mueller*** |
| Scott S. Luzi, SBN 1067405 | Lynne M. Mueller, SBN 1003577 |
| David M. Potteiger, SBN 1067009 | |
| | |
| WALCHESKE & LUZI, LLC | LITCHFIELD CAVO LLP |
| 235 N. Executive Drive, Suite 240 | 250 East Wisconsin Ave., Suite 800 |
| Brookfield, Wisconsin 53005 | Milwaukee, Wisconsin 53202 |
| Telephone: (262) 780-1953 | Telephone: (414) 488-1837 |
| Email: sluzi@walcheskeluzi.com | Email: mueller@litchfieldcavo.com |
| Email: dpotteiger@walcheskeluzi.com | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |