UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CHRISTOPHER KRACZEK
on behalf of himself and all
others similarly situated,

       Plaintiff,                          Case No. 19-cv-938

      v.

K&S TOOL, DIE & MANUFACTURING, INC.

       Defendant

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND COSTS**

NOW COMES Plaintiff, Christopher Kraczek, on behalf of himself and all others similarly situated, by and through his counsel, Walcheske & Luzi, LLC, and hereby respectfully Motions this Court for Approval of Attorneys' Fees and Costs on the grounds set forth herein and in the accompanying Declarations filed with this Court.

## INTRODUCTION

This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 216(b), and Wisconsin's Wage Payment and Collection Laws, as amended, ("WWPCL"), Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq., by Plaintiff, Christopher Kraczek, on behalf of himself and all other similarly situated current and former non-exempt employees of Defendant, K&S Tool, Die &

Manufacturing, Inc. for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime wages. (*See, generally,* ECF No. 1.)

**PLAINTIFF'S COUNSEL'S TIME AND EXPENSE LITIGATING THIS MATTER**

In or around June 2019, counsel met with Plaintiff and began working on this matter. (Declaration of Scott S. Luzi ("Luzi Decl."), ¶ 9.) On June 27, 2019, the Firm filed the Complaint on behalf of Plaintiff and all others similarly-situated. (ECF No. 1.) In the Complaint, Plaintiff alleged, *inter alia*, that Defendant failed to include all non-discretionary compensation in hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes. Further, at the outset of the case, the Firm agreed to be responsible for all attorneys' fees and costs in the event of an adverse result and, to date, the Firm has not received any compensation for its time spent on the case or reimbursement for its costs expended investigating, litigating, and resolving this matter. (Luzi Decl., ¶ 9.)

On August 27, 2019, Defendant joined issue by answering the complaint (ECF No. 6). Thereafter, the parties' counsel participated in a Rule 26(f) Conference and associated discussions, and jointly prepared a Rule 26(f) Conference Report. (ECF No. 12.) (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 9.)

On September 24, 2019, Plaintiff served initial discovery upon Defendant and during the months that followed engaged in the review of substantial documentation and performed other work necessary to more fully analyze the allegations in Plaintiff's complaint and bring Plaintiff's motion for conditional certification including taking depositions of three (3) key executive employees of Defendant.

On February 27, 2020, following preliminary discovery, the parties stipulated to Conditional Certification and Authorization of Notice to Similarly-Situated Persons Pursuant to 29 U.S.C. § 216(b), (ECF No. 17).

Thereafter, counsel for the parties communicated, corresponded, and engaged in substantive arms-length settlement negotiations with each other regarding legal authority relevant to Plaintiff's causes of action and Defendant's defenses and relevant facts supporting the parties' legal positions. (Potteiger Decl., ¶ 11.) During this time, Counsel for the parties debated and analyzed their respective legal arguments and factual positions. (*Id.*)

On May 4, 2020, the parties ultimately concluded that the prospect of resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery including, but not limited to, further depositions, document review and production, and the filing of final certification, decertification, and dispositive motions. (Potteiger Decl., ¶ 12.)

In arriving at a settlement amount, the parties made reasonable assumptions regarding potential damages for the Rule 23 Class and FLSA Collective based upon the amount of overtime performed by putative Rule 23 Class and FLSA Collective members and the total amount of Defendant's alleged non-discretionary bonus payments such as $50 gift cards and $50 HSA (health savings account) payments. (Potteiger Decl., ¶ 12.) Plaintiff then created detailed damages models and made monetary settlement calculations utilizing a methodology approved by the United States Department of Labor, *see e.g.* 29 C.F.R. § 778.209, to recalculate overtime compensation for a representative group of the Settlement Class. (Potteiger Decl., ¶ 12.) The same was reviewed and challenged by Defendant, until ultimately the parties arrived at an agreed upon amount. (*Id.*) Further, the parties discussed other monetary and non-monetary terms and conditions of settlement,

as well as the timelines, processes, and procedures of settlement. Ultimately, the parties believe that the monetary settlement calculations agreed upon represent the putative class' overtime damages commensurate with the risk involved with respect to all of Plaintiff's claims. (*Id.*)

Walcheske & Luzi, LLC (the "Firm") recognized that failure to succeed on some (or all) of the relevant legal issues – such as whether Defendant failed to include non-discretionary bonuses in Plaintiff's regular rate of pay for overtime compensation purposes, final certification of the FLSA collective and Rule 23 Class, Defendant's "good faith" affirmative defenses, and the "willfulness" requirement for a three-year statute of limitations – would likely result in material adverse effects on Plaintiff's claims, if not bar recovery in total. (Potteiger Decl., ¶ 13.) Even if Plaintiff were to prevail on certification motions, dispositive motions, and/or at trial, there was still the prospect that Defendant would appeal any number of the issues mentioned and only further delay any recovery for Plaintiff. (*Id.*)

Between May 4, 2020 and June 24, 2020, counsel for the parties worked directly to draft and finalize the settlement agreement – the ultimate result of which is embodied as the parties' fully executed "Settlement Agreement and Release," ("Agreement" or "Settlement Agreement") which is attached as Exhibit 1 to the parties' Joint Motion for Preliminary Approval of Settlement (ECF No. 19-1). (Potteiger Decl., ¶ 14.) As part of the settlement of this matter, Defendant has agreed to pay: (1) Plaintiff a service award in the amount of $7,500.00; and (2) attorneys' fees and case-related costs and expenses to the Firm in the amount of $30,700.00. (ECF No. 30-1, ¶¶ 3.2(A) and 3.3(A).) Defendant has stipulated to appointing the Firm as class counsel, and Defendant has agreed not to object to Plaintiff's requested service payment or the Firm's requested attorneys' fees and costs. (*Id.*)

On August 18, 2020, the parties filed their Joint Motion for Preliminary Approval of Settlement, (ECF No. 19), and their fully executed "Settlement Agreement and Release," (ECF No. 19-1), with the Court. On October 15, 2020, this Court preliminarily approved the parties' settlement (ECF No. 20). For settlement purposes only, the parties sought certification of a collective under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), defined as follows (hereinafter the "FLSA Collective"):

> All current and former hourly-paid, non-exempt employees employed by Defendant between June 27, 2016 and June 27, 2019 who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's alleged failure to include the following non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes: Attendance Bonuses; Health Check 360 rewards; HSA rewards; and Annual Bonuses.

("Collective Members") (*See* ECF No. 19-1 § 1.8.)

For settlement purposes only, the parties also sought certification of a class under Wisconsin's Wage Payment and Collection Laws, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* (the "WWPCL") and FED. R. CIV. P. 23 ("Rule 23"), defined as follows (hereinafter, the "Rule 23 Class"):

> All current and former hourly-paid, non-exempt employees employed by Defendant between June 27, 2016 and June 27, 2019 who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's alleged failure to include the following non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes: Attendance Bonuses; Health Check 360 rewards; HSA rewards; and Annual Bonuses.

("Class Members") (*See* ECF No. 19-1 § 1.25.)

On or about November 4, 2020, the Firm sent, via first class U.S. Mail, the parties' Notice form, titled "Notice of Class and Collective Action and Proposed Settlement" to one hundred and twenty-one (121) prospective members of the Settlement Class. (Potteiger Decl., ¶ 16.) On or about December 4, 2020, the notice period closed. (*Id.*) By the end of the notice period, no putative Class Members elected to exclude themselves from the Rule 23 Class. (*Id.*) Additionally, 19 individuals, including Plaintiff, opted-in to the FLSA Collective (*Id.*)

At the outset of the case, Defendant challenged wage and hour violations and contested many of Plaintiff's factual assertions and legal claims, including but not limited whether bonuses and other compensation paid to Plaintiff and the FLSA Collective/Rule 23 Class were non-discretionary, whether class and collective certification was appropriate, the scope of employees who are similarly situated to Plaintiff, whether "good faith" defenses precluded liability or liquidated damages, and whether Defendant acted willfully such that a three-year statute of limitations was applicable. (Potteiger Decl., ¶ 17.) Even though the parties resolved these issues amicably, legally, strategically, and procedurally, this case warranted a substantial amount of work from the Firm. (*Id.*)

Additionally, in furtherance of the litigation and resolution of this matter, the Firm engaged in the following post-settlement activities and work: communicating and corresponding with Plaintiff, Defendant's counsel, and putative collective/class members; drafting and filing the Joint Motion for Preliminary Approval of Settlement and supporting documents; sending the "Notice of Class Action and Proposed Settlement" via U.S. Mail to one hundred and twenty-one (121) putative Class Members; drafting and filing the parties' Joint Motion for Final Approval of Settlement and related Motions and filings, including Plaintiff's Motion for Approval of Attorneys' Fees and Costs and Plaintiff's Motion for Approval of Service Awards. (Potteiger

Decl., ¶ 18.) The Firm will also attend the Fairness Hearing and engage in any post-Fairness Hearing activities and work in this case, such as sending the settlement checks via U.S. Mail to one hundred and twenty-one (121) members of the FLSA Collective and Rule 23 Class. (*Id.*) The Firm believes that it has litigated this matter effectively and efficiently to date, and it will continue to do so until the final conclusion of this matter. (*Id.*)

## PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS TO DATE

To date, and as described and detailed herein, Plaintiff's counsel's actual attorneys' fees ($35,840) and case-related costs and expenses ($2,569.10) spent litigating this matter respectively total approximately $38,409.10. (Potteiger Decl., ¶ 21.) To date, the Firm has devoted a total of approximately 89.6 hours litigating and resolving this matter: 57.2 hours by Attorney David M. Potteiger, (Potteiger Decl., ¶ 20); and 32.4 hours by Attorney Scott S. Luzi. (Luzi Decl., ¶ 10.)

The Firm will also continue expending any and all time and costs necessary litigating this case through its final conclusion, including but not limited to attending the Fairness Hearing and sending the settlement checks via U.S. Mail to one hundred and twenty-one (121) members of the FLSA Collective and Rule 23 Class upon final settlement approval by this Court and communicating and corresponding with Plaintiff, Defendant's counsel, this Court and potentially with Rule 23 Class Members or FLSA Collective Members. (Potteiger Decl., ¶ 18.)

Plaintiff's counsel believes that the requested attorneys' fees and costs in the total amount of $37,800.00 is in line with settlement awards in similar collective action cases under the FLSA and class action cases under the WWPCL and is a fair, reasonable, and representative amount of Plaintiff's counsel's actual time and expense spent litigating this matter – which is actually less than the actual amount of time and costs that Plaintiff's counsel spent litigating and resolving this matter to date, which totals approximately $38,409.10. (Potteiger Decl., ¶ 22.)

Ultimately, Plaintiff's counsel believe that they have achieved an excellent result for Plaintiff and for the members of the FLSA collective and Rule 23 Class, and that, to date, they have litigated this matter efficiently and effectively.

**ARGUMENT**

Under the FLSA, successful plaintiffs are entitled to reimbursement for their attorneys' fees and costs. 29 U.S.C. § 216(b). Attorneys' fees and costs are recoverable under the WWPCL. Wis. Stat. §109.03(6).

Generally, courts undertake a three-part analysis when approving attorneys' fees and costs in FLSA collective and Rule 23 Class actions: (1) determining whether the plaintiff was a "prevailing party"; (2) determining a total amount to be awarded (i.e., the market price for similar legal services) using either "common fund principles"[1] or the "lodestar"[2] approach; and (3) determining whether the amount should be increased or decreased based on a variety factors, such as the plaintiff's degree of success obtained, the complexity of the case, and the public interest advanced by the litigation.[3]

While an award of attorneys' fees and costs in FLSA cases is mandatory, a district court has "wide latitude" in determining the amount of the fees and costs,[4] because the district court "is in the best position to determine the worth of the attorneys practicing before him." *Uphoff*, 176

---

[1] *See, e.g., Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 563-64 (7th Cir. 1994).
[2] The lodestar approach forms the "centerpiece" of attorneys' fee determinations, and it applies even in cases where the attorney represents the prevailing party pursuant to a contingent fee agreement. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Pickett*, 664 F.3d at 639.
[3] *See* the following collection of cases discuss the lodestar method: *Hensley v. Eckerhart*, 461 U.S. 424, 433, 436 (1983); *Schlacher v. Law Offices of Phillip J. Rotche Assocs.*, 574 F.3d 852, 856-57 (7th Cir. 2009); *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 595-97 (7th Cir.1999); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999); *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997); *Bankston v. Illinois*, 60 F.3d 1249, 1255 (7th Cir. 1995); *Garcia v. Oasis Legal Fin. Operating Co.*, 608 F. Supp. 2d 975, 977–78 (N.D. Ill. 2009).
[4] *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 406 (7th Cir. 1999); *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 945 (7th Cir.1997); *Bankston v. State of Ill.*, 60 F.3d 1249, 1254 (7th Cir.1995).

F.3d at 407. For the reasons stated herein, Plaintiff can be considered a prevailing party in this matter for purposes of attorneys' fees and costs, and the amount of attorneys' fees and costs sought by Plaintiff herein are reasonable and should be awarded by this Court.

**I. THE PARTIES' SETTLEMENT AGREEMENT, PRELIMINARILY APPROVED BY THIS COURT, PROVIDES FOR THE PAYMENT OF ATTORNEYS' FEES AND COSTS TO PLAINTIFF'S COUNSEL**

A "prevailing party" is a plaintiff who obtains a judgment or any other judicially sanctioned relief on the merits of the case. *See Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 603-04 (2001); *Johnson v. Daley*, 339 F.3d 582, 587, 609 (7th Cir. 2003). In addition to a judgment on the merits, "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees." *Buckhannon*, 532 U.S. 598 at 603-04 (citing *Maher v. Gagne*, 448 U.S. 122 (1980)). Ultimately, enforceable judgments on the merits and court-ordered consent decrees create the "material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Buckhannon*, 532 U.S. 598 at 603-04.

On October 15, 2020, the Court preliminarily approved the parties' settlement including preliminarily approving the parties' settlement agreement as fair and reasonable. (ECF No. 20.) Because this Court preliminarily approved the parties' settlement, and upon final approval by this Court, Plaintiff has obtained the necessary judicial relief such that this Court can approve Plaintiff's counsel's unopposed and agreed-upon attorneys' fees and costs as stated in the parties' settlement agreement in the total amount of $37,800.00.

**II. IN ACCORDANCE WITH THE PARTIES' SETTLEMENT AGREEMENT, PLAINTIFF'S COUNSEL MOTIONS THIS COURT FOR APPROVAL OF ATTORNEYS' FEES AND COSTS IN THE AMOUNT OF $37,800.00**

Generally, a court determines the market price for a lawyer's legal services via either "common fund principles"[5] or the "lodestar" method. Ultimately, and regardless of the method by which a prevailing plaintiff petitions the court for an award of attorneys' fees and costs, the court "must do [its] best to award Counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001) (*"Synthroid I"*); *see also In re Synthroid Mktg Litig.*, 325 F.3d 974, 975 (7th Cir. 2003) (*"Synthroid II"*); *Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 957 (7th Cir. 2013); *Steinlauf v. Cont'l Illinois Corp.*, 962 F.2d 566, 572-73 (7th Cir. 1992) (stating, "Class Counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client").

Here, Plaintiff motions this Court for an award of attorneys' fees and costs via the lodestar method – which is determined by calculating the lawyer's reasonable hourly rate multiplied by the lawyer's hours reasonably expended on the case. *Hensley*, 461 U.S. at 433-37; *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012); *Pickett v. Sheridan Health Care*, 664 F.3d 632, 640–43 (7th Cir. 2011); *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007); *Uphoff*, 176 F.3d at 407; *Bankston v. Illinois*, 60 F.3d at 1255.

### A. Plaintiff's Counsel's Hourly Rates of $400.00 for Attorneys Luzi and Potteiger Are Reasonable

A "reasonable" hourly rate reflects the "market rate" for the attorney's services. *Pickett*, 664 F.3d at 640; *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003); *People Who Care v.*

---

[5] *Florin*, 34 F.3d at 563-64 (noting that "common fund principles properly control a case which is initiated under a statute with a fee-shifting provision, but is settled with the creation of a common fund," and that, "when a case results in the creation of a common fund for the benefit of the plaintiff class, the common fund doctrine allows plaintiffs' attorneys to petition the court to recover its fees out of the fund."); *see also Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629 (7th Cir. 2011); *Sutton v. Bernard*, 504 F.3d 688, 694 (7th Cir. 2007); *Taubenfeld v. AON Corp.*, 415 F.3d 597 (7th Cir. 2005).

*Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir.1996). The market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Spegon*, 175 F.3d at 555; *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993). An attorney's actual billing rate for comparable work or similar litigation is appropriate to use as the market rate. *Pickett*, 664 F.3d at 640; *Denius*, 330 F.3d at 930; *Small*, 264 F.3d at 707; *People Who Care*, 90 F.3d at 1310; *Uphoff*, 176 F.3d at 407. Ultimately, a fee applicant need only offer third party affidavits attesting to comparable billing rates to meet his burden. *Pickett*, 664 F.3d at 641; *Spegon*, 175 F.3d at 556.

Here, the actual billing rates of Plaintiff's counsel, Scott S. Luzi and David M. Potteiger during this case were $400.00 per hour – which is counsel's customary hourly rate for work performed on employment law cases, including but not limited to collective cases litigated under the FLSA and the WWPCL. (Potteiger Decl., ¶¶ 8; Luzi Decl., ¶¶ 8.) These hourly rates have been previously approved by this District in other FLSA and WWPCL matters as reasonable. See, e.g., *Paswaters v. Krones, Inc.,* 19-cv-993 (E.D. Wis. July 12, 2019) (Stadtmueller, J.); *Slaaen, et al. v. Senior Lifestyle Corporation, et al.*, 18-cv-1562 (E.D. Wis. October 3, 2018) (Stadtmueller, J.); *Eckstein v. St. Paul Elder Services, Inc.*, 19-cv-945, ECF No. (E.D. Wis., June 28, 2019) (Griesbach, J.); *Clark v. Brunswick Corp.*, No. 19-cv-141, ECF No. 44 (E.D. Wis., May 22, 2020) (Griesbach, J.); *.Nicholas Johnson v. National Technologies, Inc.,* No. 18-cv-462, ECF No. 57 (E.D. Wis., July 22, 2019) (Jones, J.); *John Weninger v. General Mills Operations, LLC*, Case No. 2018-cv-321, ECF No. 93 (E.D. Wis. April 18, 2019) (Stadtmueller, J.); and *Tracy Gerlach v. West Revenue Generation Services, et. al.,* Case No. 2018-cv-170, ECF No. 91 (E.D. Wis. January 3, 2019) (Griesbach, J.).

Further, Plaintiff's counsel's hourly rate of $400.00 are reasonable because they are similar to the market rates that other attorneys of similar abilities and experiences in the community normally charge their paying clients for similar services and types of work. (*See* Declaration of Summer Hart Murshid, ¶ 6; Declaration of Larry A. Johnson, ¶ 6.)

**B. Plaintiff's Counsel's 89.6 Total Hours Spent Litigating This Matter to Date Are Reasonable**

Plaintiff's counsel believes that they have litigated this matter efficiently and effectively on behalf of the all members of the FLSA Collective and Rule 23 Class, including Plaintiff, and believe that the approximately 89.6 total hours spent litigating this matter, consisting of 57.20 hours by David M. Potteiger, (Potteiger Decl., ¶ 20), and 32.4 hours by Scott S. Luzi, (Luzi Decl., ¶ 10), are reasonable.

First, and as described and detailed herein, this case's substantive and procedural aspects made it sufficiently complex and time-consuming to warrant the time expended by Plaintiff's counsel to achieve the ultimate resolution. Plaintiff's counsel believes that they have acted reasonably in litigating this matter and did not unnecessarily create delay or increase costs. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

Second, Plaintiff's counsel's requested $37,800.00 in attorneys' fees and costs is actually less than the actual amount of time and costs that Plaintiff's counsel has spent litigating and resolving this matter to date, which respectively total $35,840.00 and $2,569.10, for a total of approximately $38,409.10. (Potteiger Decl., ¶ 21.)

Third, Plaintiff's counsel's work in this case has not concluded. Upon final settlement approval by this Court, Plaintiff's counsel will engage in any and all post-fairness hearing activities and work, including but not limited to sending the settlement checks via U.S. Mail to one hundred and twenty-one members of the FLSA Collective and Rule 23 Class and continued to

communication and correspondence with Plaintiff, Defendant's counsel, this Court, and potentially Rule 23 Class Members or FLSA Collective Members. (Potteiger Decl., ¶ 18.)

Fourth, Plaintiff's counsel believes that they have negotiated an excellent result for Plaintiff and for the members of the FLSA Collective and Rule 23 Class because the monetary amounts Defendant has agreed to pay to Plaintiff, the FLSA Collective, and the Rule 23 Class compensates the individuals for representative and proportionate amounts of monetary damages alleged in this matter. (*See* ECF No. 19-1.) Plaintiff's counsel believes that the amount of time counsel expended in litigating this matter significantly contributed to its ultimate and successful resolution for Plaintiff and the members of the FLSA Collective and Rule 23 Class.

Fifth, settlement payments to Plaintiff and the members of the FLSA Collective and Rule 23 Class will not, in any way, be adversely affected by approval of attorneys' fees and costs in the amount of $37,800.00. Settlement payments to members of the FLSA Collective and Rule 23 Class were negotiated and calculated separately from that of Plaintiff's counsel's attorneys' fees and costs. (ECF No. 19-1, ¶ 3.2(A).) Thus, an award of attorneys' fees and costs by this Court in the amount of $37,800.00 to Plaintiff's counsel will not be at the expense of any member of the FLSA Collective or Rule 23 Class because compensation to said collective or class members will not increase or decrease depending on the amount of attorneys' fees and costs awarded to Plaintiff's counsel. Rather, Defendant has agreed to pay the amount of attorneys' fees and costs awarded to Plaintiff's counsel by this Court directly to Plaintiff's counsel. (ECF No. 19-1, ¶ 3.2(A).)

Finally, Defendant does not oppose or dispute Plaintiff's Motion for Approval of Attorneys' Fees and Costs in the total amount of $37,800.00. (ECF No. 30-1, ¶ 3.2(A).)

### C. Plaintiff's Counsel's Costs in the Amount of $2,569.10 To Date Are Reasonable

In the furtherance of the litigation and resolution of this matter, Plaintiff's counsel spent a total amount of $2,569.10 in necessary costs in this matter, including but not limited to expenses relating to: filing fee(s); postage; deposition transcripts and court reporter fees, and costs and expenses related to sending the Notices to members of the FLSA Collective and Rule 23 Class. (Potteiger Decl., ¶ 21.) Plaintiff's counsel believes that the total amount of costs expended in this matter was necessary in furtherance of the litigation and resolution of this matter, and that inclusion of the approximately $2,569.10 in costs in the requested $37,800.00 of attorneys' fees and case-related costs and expenses award is fair and reasonable.

### III. THE ATTORNEYS' FEES AND COSTS SOUGHT BY PLAINTIFF SHOULD NOT BE ADJUSTED

In limited circumstances, "once the lodestar amount is calculated, it may be adjusted." *Johnson*, 668 F.3d at 929; *Pickett*, 664 F.3d at 640–43. Courts can adjust the loadstar amount (either up or down) based upon the complexity of the case, the plaintiff's degree of success, the proportionality of the lodestar to the damages recovered, and the public interest advanced by the litigation. *Schlacher*, 574 F.3d at 856-57 (citing *Connolly*, 177 F.3d at 597); *Strange*, 129 F.3d at 946.

However, courts cannot arbitrarily award fees based upon a gut reaction; a court must provide a clear and concise explanation of its award. *Schlacher*, 574 F.3d at 857; *Small*, 264 F.3d at 708; *In re Cont'll Ill. Sec. Litig.*, 962 F.3d 566, 570 (7th Cir. 1992). Further, it is inappropriate for a court to "eyeball" a fee request and cut it down by an arbitrary percentage because it seemed excessive. *See Schlacher*, 574 F.3d at 857; *Spellan v. Bd. of Educ.*, 59 F.3d 642, 646-47 (7th Cir. 1995) (citing Tomazzoli v. Sheedy, 804 F.2d 93, 97 (7th Cir. 1986)).

Here, Plaintiff's counsel's petition for approval of attorneys' fees and case-related costs and expenses in the total amount of $37,800.00 constitutes a voluntary reduction of its actual fees and costs in this case. Plaintiff's counsel believes that an award of $37,800.00 is fair and reasonable, and it should not be adjusted by this Court. The members of the FLSA Collective and Rule 23 Class received an excellent result in this matter, which was a result of Plaintiff's counsel's time spent litigating and resolving this matter. Litigating and favorably and fairly resolving FLSA Collective's and Rule 23 Class' claims also advances the public interest. *See Schlacher*, 574 F.3d at 856-57 (citing *Connolly*, 177 F.3d at 597); *Strange*, 129 F.3d at 946.

## **CONCLUSION**

For all of the reasons stated herein, Plaintiff respectfully request that this Court grant their Motion for Approval of Attorneys' Fees and Costs in the total amount of $37,000.00.

Dated this 23rd day of December, 2020

          WALCHESKE & LUZI, LLC
          Counsel for Plaintiff


          s/ *David M. Potteiger*
          James A. Walcheske, State Bar No. 1065635
          Scott S. Luzi, State Bar No. 1067405
          David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com